# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APRIL C. HAMLIN, )<br>)<br>Plaintiff, )<br>)<br>) | Civil Action No. 11-881 |
| v. ) | Hon. Nora Barry Fischer |
| )<br>TOYOTA MOTORS CORPORATE )<br>HEADQUARTERS, NORTHRIDGE )<br>TOYOTA, c/o Clifford Alford, Spitzer, et al., )<br>)<br>Defendants. | |

## ORDER OF COURT

AND NOW, this 6th day of July, 2011, upon consideration of Plaintiff April C. Hamlin's Pro Se Motion to Proceed In Forma Pauperis (Docket No. [1]),

IT IS HEREBY ORDERED that said Motion [1] is GRANTED as to the In Forma Pauperis Status of Pro Se Plaintiff April C. Hamlin ONLY.

IT IS FURTHER ORDERED that the above captioned matter is dismissed, without prejudice, for lack of subject matter jurisdiction.

In so holding, the Court notes that "[f]ederal courts are courts of limited jurisdiction." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412 (3d Cir. 2010). To this end, this Court can only exercise subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or civil actions wherein there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00, 28 U.S.C. § 1332. "The burden is on the plaintiff to establish the existence of federal jurisdiction."

1

*McCracken v. ConocoPhillips Co.*, 335 F.App'x. 161, 162-163, 2009 WL 1911764, 1 (3d Cir. 2009) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)). Plaintiff's Complaint fails to establish the existence of federal jurisdiction and this Court is required to dismiss her Complaint, without prejudice. *See* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff avers that this Court has subject matter jurisdiction based on diversity of citizenship of the parties under 28 U.S.C. § 1332. (Docket No. 1-1 at 1). She alleges that she is a resident of Allegheny, County, Pennsylvania. (*Id*. at ¶ 1). However, Plaintiff also avers that Defendant Spitzer Toyota is located in Monroeville, Pennsylvania. (*Id*. at ¶ 4). Therefore, as it appears that both Plaintiff and one of the named defendants are citizens of Pennsylvania for diversity purposes, diversity jurisdiction under 28 U.S.C. § 1332 is not established.

In addition, Plaintiff alleges her claim arises under 42 U.S.C. § 1983, potentially conferring subject matter jurisdiction under 28 U.S.C. § 1331. (*Id*. at 1). However, "to state a claim of liability under § 1983, [a plaintiff] must allege that she was deprived of a federal constitutional or statutory right by a state actor." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005). "A person may be found to be a state actor when (1) he is a state official, (2) 'he has acted together with or has obtained significant aid from state officials,' or (3) his conduct is, by its nature, chargeable to the state." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir.1999) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)). Under this test, Defendants Toyota Motors Headquarters, Northridge Toyota and Spitzer Toyota do not qualify as state actors: (1) they are each private organizations or corporations; (2) there are no allegations that any of these entities acted together with any state

officials; and (3) none of the alleged conduct constitutes actions chargeable to the state. (*See* Docket No. 1-1). In addition, although he is not named as a defendant, Plaintiff alleges that Cliff Alford "violated Amendment 5" but concedes that he is an employee of Northridge Toyota in California. (*Id*. at 2-3). Since Alford is privately employed, he cannot be considered a state actor, either. Accordingly, Plaintiff has failed to state a claim under 42 U.S.C. § 1983 and, thus has not demonstrated that this Court has subject matter jurisdiction under 28 U.S.C. § 1331. *See Leshko*, 423 F.3d at 339.

For these reasons, Plaintiff has failed to meet her burden to establish subject matter jurisdiction. Therefore, Plaintiff's Complaint is DISMISSED, without prejudice. The Clerk of Court is directed to mark this case CLOSED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc: April C. Hamlin, *pro se*
    P.O. Box 334
    Pittsburgh, PA 15230-0334
    (regular and certified mail)