# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APRIL C. HAMLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Civil Action No. 11-881 |
| v. ) | Hon. Nora Barry Fischer |
| ) | |
| TOYOTA MOTORS CORPORATE ) | |
| HEADQUARTERS, NORTHRIDGE ) | |
| TOYOTA, c/o Clifford Alford, Spitzer, et al., ) | |
| ) | |
| Defendants. | |

## ORDER OF COURT

Presently before the Court is a "Complaint to Amend/Reinstate Civil Action No. 11-0881" and a "Complaint to Amend/Reinstate Civil Action No. 11-0881 – Correction" (Docket Nos. [3], [4]) filed by Plaintiff April Cherise Hamlin on July 18, 2011 and July 19, 2011, respectively. The Court construes Plaintiff's submissions as a motion for reconsideration of the Court's July 6, 2011 Order, dismissing this case for lack of subject matter jurisdiction. (*See* Docket No. 2). For the following reasons, Plaintiff's motion for reconsideration [3] is denied.

"Motions for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure are granted *sparingly* '[b]ecause federal courts have a strong interest in finality of judgments.'" *Jacobs v. Bayha*, Civ. A. No. 07-237, 2011 WL 1044638, at *2 (W.D.Pa. Mar. 18, 2011) (quoting *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F.Supp. 938, 943 (E.D.Pa. 1995)) (emphasis added). "Because of the interest in finality, at least at the district court level … the parties are not free to relitigate issues the court has already decided." *Williams v. City of Pittsburgh*, 32 F.Supp .2d 236, 238 (W.D.Pa.1998) (citing *Rottmund v. Continental Assurance Co.*, 813 F.Supp. 1104, 1107

(E.D.Pa.1992)). The purpose of a motion for reconsideration is "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). A Court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

Plaintiff's motion for reconsideration must be denied because she has not set forth any intervening changes in the controlling law; new evidence; or clear errors of law or fact made by the Court in its July 6, 2011 dismissal Order, which would warrant granting reconsideration. *See Max's Seafood Café by Lou Ann, Inc.*, 176 F.3d at 677. As the Court explained in its July 6, 2011 dismissal Order, Plaintiff failed to meet her burden to demonstrate that this Court has subject matter jurisdiction over this case under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, which required dismissal. (Docket No. 2). The deficiencies in Plaintiff's Complaint which were addressed in the July 6, 2011 Order remain in her "Complaint to Amend/Reinstate Civil Action No. 11-0881" and "Complaint to Amend/Reinstate Civil Action No. 11-0881 – Correction." (Docket Nos. [3], [4]).

The parties are not completely diverse as both Plaintiff and Defendant Spitzer Toyota are citizens of Pennsylvania; therefore, subject matter jurisdiction is not present under section 1332. *See* 28 U.S.C. § 1332. This Court also does not have subject matter jurisdiction under section 1331 because none of the Defendants - private corporate entities, Toyota Motors Headquarters, Northridge Toyota, North Hollywood Toyota and Spitzer Toyota – are state actors subject to suit under the only

2

potentially applicable federal statute, 42 U.S.C. § 1983. *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir.1999) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)) ("A person may be found to be a state actor when (1) he is a state official, (2) 'he has acted together with or has obtained significant aid from state officials,' or (3) his conduct is, by its nature, chargeable to the state."). Plaintiff's attempts to make a distinction between her claims by stating that she is only asserting federal § 1983 claims against Pennsylvania citizen Spitzer Toyota does not change the Court's analysis. (Docket Nos. 3, 4). As discussed above and in the Court's July 6, 2011 Order, Spitzer Toyota is not a state actor subject to suit under § 1983. (Docket No. 2 at 2-3). Therefore, Plaintiff has not advanced any cognizable federal claims against Spitzer Toyota. As the Court has determined that it does not have subject matter jurisdiction over this case, it must be dismissed. *See* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

For these reasons, Plaintiff has failed to meet her burden to establish that reconsideration of the Court's July 6, 2011 Order is warranted. *See Max's Seafood Café by Lou Ann, Inc.*, 176 F.3d at 677. Accordingly, Plaintiff's motion for reconsideration [3] is denied.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: August 2, 2011

cc: April C. Hamlin, *pro se*
P.O. Box 334
Pittsburgh, PA 15230-0334
(regular and certified mail)